Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

------------------------------------------- X

ALEX ACEVEDO, *individually
and on behalf of others similarly
situated,*

                Plaintiffs,

           v.

BRICKLANE JERSEY CITY LLC,
SATINDER SHARMA and
AJIT BAINS,

            Defendants,

------------------------------------------- X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE
ACTION & F.R.C.P. 23  CLASS
ACTION**

**COMPLAINT**

       Plaintiff ALEX ACEVEDO (hereafter referred to as "Plaintiff"), all former

employees with various roles such as cooks, bring this Action on behalf of themselves

and other similarly situated employees of Defendants BRICKLANE JERSEY CITY LLC,

SATINDER SHARMA, and AJIT BAINS (collectively, the "Defendants") pursuant to the

Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq. and the New Jersey State

Wage and Hour Law, NJSA §34:11-56 et seq ("NJWHL"), and alleges as follows:

### INTRODUCTION

       1.       This action is brought by Plaintiff, on behalf of himself as well as other

employees similarly situated, against Defendants for alleged violations of the Federal

Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      This Complaint seeks to recover unpaid minimum wages and overtime compensation for Plaintiff.

3.      The Plaintiff is a former employee of Defendant BRICKLANE JERSEY CITY LLC, a New Jersey Corporation with headquarters at 136 Newark Avenue, Jersey City, NJ 07302, and its principal, Defendants SATINDER SHARMA and AJIT BAINS employed the Plaintiff as a dishwasher for Defendants' business in New Jersey.

4.       From December 5, 2023, until January 19, 2025, Plaintiff was paid a mere $10 per hour, well below the applicable minimum wage. Despite regularly working approximately sixty (60) hours per week, Plaintiff was neither paid the legally required minimum wage nor overtime compensation as mandated by federal and state law.

5.      At all times relevant to this Complaint, Defendants willfully and intentionally maintained a policy and practice of requiring the Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation, as evidenced by timesheets, employee schedules, and other relevant documentation.

6.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

7.      Defendants willfully and intentionally refused to record all of the time that

2

Plaintiff and similarly situated individuals employed by the Corporate Defendant worked, including the work performed in excess of forty hours each week.

8.      Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 et seq.

9.      The Plaintiff, in accordance with the FLSA, assert his right to recover from the Defendants: (1) unpaid overtime wages, calculated at one-and-a-half times their regular pay rate for each hour worked over forty in a workweek, (2) unpaid minimum wages, as set by federal and state law, (3) liquidated damages equal to the amount of unpaid wages, as provided by the FLSA for willful violations, (4) prejudgment interest on the unpaid wages, calculated from the date each wage payment was due until the date of judgment, and (5) post-judgment interest; and/or (6) reasonable attorneys' fees and costs, as provided by the FLSA.

10.     By reason of such willful violations Plaintiff asserts he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment, and post-judgment interest; and/or (5) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

**<u>JURISDICTION AND VENUE</u>**

11.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§

3

1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiff

13.     Plaintiff ALEX ACEVEDO is and was at all times relevant hereto an individual residing in New Jersey.

14.     Plaintiff ALEX ACEVEDO was employed by Defendant BRICKLANE JERSEY CITY LLC at its business located at 136 Newark Avenue, Jersey City, NJ 07302, in the position of dishwasher from December 5, 2023, until January 19, 2025. During the hiring process, ACEVEDO was interviewed and given a job offer by Defendants SATINDER SHARMA and AJIT BAINS. As a dishwasher, ACEVEDO followed a work schedule set by SHARMA and BAINS, received daily instructions from SHARMA and BAINS regarding his duties, and was subject to disciplinary actions taken by SHARMA and BAINS.

15.     At all times relevant hereto, Plaintiff ACEVEDO was a covered employee within the meaning of the FLSA and the NJWHL.

### Defendants

16.     Defendant BRICKLANE JERSEY CITY LLC is, is a duly organized business corporation under the laws of the State of New Jersey, with a principal place of business at 136 Newark Avenue, Jersey City, NJ 07302, as per the available information and belief.

17.     Upon information and belief, Defendant BRICKLANE JERSEY CITY LLC is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of

4

$500,000 per year, independent of excise taxes, for each year relevant to Plaintiff's claims. a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

18. Based on the available information and belief, Defendants SATINDER SHARMA and AJIT BAINS serve as a principal and/or officer of Defendant BRICKLANE JERSEY CITY LLC.

19. Upon information and belief, and at all times relevant to the claims herein, Defendants SATINDER SHARMA and AJIT BAINS: (i) were known as and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant BRICKLANE JERSEY CITY LLC, known as "Boss" to Plaintiff; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, which can be substantiated by pay stubs, corporate documents, or Plaintiff's bank records reflecting wages from Defendants; (iii) established work schedules and workload of the employees, as evidenced by work schedules, job descriptions, or internal communications; and (iv) maintained employee records, and had the authority to hire and fire employees, as proven by employment contracts, termination letters, or testimonies from Plaintiffs or other employees about hiring or firing incidents.

20. In fact, Defendants SATINDER SHARMA and AJIT BAINS willfully hired Plaintiff, determined his work assignments, workload, and schedule, and calculated his pay, rate of pay, and hours worked.

21. Defendants SATINDER SHARMA and AJIT BAINS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations

5

thereunder.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.    Plaintiff brings this action individually and on behalf of all other and former non-exempt cooks who have been or were employed by the Defendants for up to the last three (3) years through the entry of judgment in this case (the "Collective Action Period"). All such individuals employed by Defendants during the three (3) years prior to the filing of this complaint through the entry of judgment (the "Collective Action Period") shall be referred to as "Collective Action Members", have not been compensated appropriately. This is due to the willful actions of the defendants, who failed to pay at least the overtime compensation for all hours worked in excess of forty (40) hours per week.

23.    With respect to his NJWHL claims, Plaintiff asserts the same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein (the "Class Period").

24.    All said persons, including the plaintiff, are referred to herein as the "Class."

25.    The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

26.    The proposed Class is so numerous that the joinder of all members is

6

impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

27.    There are questions of law and fact common to the Class which dominates over any questions affecting only individual class members, including:

a.   Whether Defendant employed the Plaintiff and the Class within the meaning of the NJWHL;

b.   Whether the Plaintiff and Class members are entitled to and paid minimum wage, and overtime under the NJWHL;

c.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

d.   At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

### *Typicality*

28.    The claims raised by the plaintiff are representative of the issues faced by all class members, and the relief sought by the plaintiff mirrors what other class members would seek in individual actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and

damages arising from the same unlawful policies, practices, and procedures.

### Adequacy

29.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases.

### Superiority

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of

the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

31.    Upon information and belief, Defendants and other employers throughout the state violate the NJWHL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32.    Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

33.    Defendants owned and operated BRICKLANE JERSEY CITY LLC, a corporate entity principally engaged in the food services industry. At all relevant times, Defendants BRICKLANE JERSEY CITY LLC, SATINDER SHARMA, and AJIT BAINS possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

34.     As a part of their regular business practices, the Defendants have intentionally, willfully, and repeatedly violated the FLSA, harming the Plaintiffs and other class members through a consistent pattern or policy of these violations of the FLSA. This pattern and/or policy includes, inter alia, the following:

    a. failing to pay employees the applicable minimum wage and overtime rate for all time worked in excess of forty (40) hours per week;

    b. failing to keep accurate records of hours worked by employees as required by the FLSA and NJWHL.

Defendants have systematically engaged in unlawful conduct pursuant to a deliberate corporate policy designed to minimize labor costs by willfully denying employees their legally mandated compensation, as evidenced by internal communications, employee testimonies, and financial records. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the other class members.

36.     Defendant BRICKLANE JERSEY CITY LLC, under Defendants SATINDER SHARMA and AJIT BAINS's direct supervision and authority, acted in line with the Defendants' interests. This included determining the rate and method of employee compensation and exercising joint control over their employees.

37.     At relevant times, Defendants BRICKLANE JERSEY CITY LLC, SATINDER SHARMA, and AJIT BAINS exercised substantial control over the Plaintiff and other similarly situated employees' working conditions, including, but not limited to setting work hours, determining pay rates, and enforcing company policies. They also held authority over the policies and practices relating to the employment and compensation of the Plaintiff and all similarly situated individuals referred to herein.

10

38.     Defendants BRICKLANE JERSEY CITY LLC, SATINDER SHARMA, and AJIT BAINS jointly employed Plaintiff, and all similarly situated individuals, as evidenced by shared control over work schedules, pay rates, and employment policies. They are the Plaintiffs' and all similarly situated individuals' employers as defined by 29 USC 201 et seq. and the NJWHL, which stipulate that an employer is any individual acting directly or indirectly in the interest of an employer in relation to an employee.

39.     Defendants BRICKLANE JERSEY CITY LLC, SATINDER SHARMA, and AJIT BAINS constitute a single employer of the Plaintiff and/or similarly situated individuals. The business divisions between them are fictional, as evidenced by shared HR functions, common management, interrelation of operations, and centralized control of labor relations.

40.     At all times relevant hereto, Defendants BRICKLANE JERSEY CITY LLC, SATINDER SHARMA, and AJIT BAINS were the Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other applicable laws. Defendants BRICKLANE JERSEY CITY LLC, SATINDER SHARMA, and AJIT BAINS, as the Plaintiffs' employers, exercised their authority and control in various ways. They made hiring and firing decisions, as evidenced by employment contracts and termination letters. For instance, upon hiring ACEVEDO, SHARMA, and BAINS outlined the terms of his employment and controlled his work assignments and hours. This is substantiated by ACEVEDO's work schedules and the detailed job descriptions provided by SHARMA and BAINS. SHARMA and BAINS also determined the rate and method of the plaintiff's compensation, as shown in ACEVEDO's pay stubs and his wage agreement with SHARMA AND BAINS. Furthermore, Defendants actively supervised Plaintiffs' work schedules and employment conditions, including direct

11

supervision and instructions given to ACEVEDO, as can be substantiated by testimonies from ACEVEDO and other employees, as well as email correspondence and memos.

41.    Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NJWHL requirements.

42.    Defendants are willfully aware of and by law are charged with the knowledge that under the FLSA, they are required to pay employees performing non-exempt duties, including the Plaintiff and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week, as evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA.

43.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wage, at least the lawfully minimum wage, and overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek, as evidenced by payroll records, pay stubs, and time sheets.

44.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

45.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages, as evidenced by incomplete or missing timesheets, payroll records, and inconsistencies between Plaintiff's reported hours and actual hours worked.

### Plaintiff ALEX ACEVEDO

46.    Plaintiff ALEX ACEVEDO was hired by Defendant BRICKLANE JERSEY CITY LLC to work as a dishwasher but also received the deliveries, helped in the kitchen and did any other tasks that were assigned to him, at its business located at 136 Newark

12

Avenue, Jersey City, NJ 07302, starting on December 5, 2023, until January 19, 2025.

During the hiring process, ACEVEDO was interviewed and given a job offer by

Defendants SATINDER SHARMA and AJIT BAINS. As a dishwasher, ACEVEDO followed

a work schedule set by SHARMA and BAINS, received daily instructions from SHARMA

and BAINS regarding his duties, and was subject to disciplinary actions taken by

SHARMA and BAINS.

47.    The Plaintiff consistently worked six (6) days per week, from 10:30 A.M. to

8:30 P.M., totaling sixty (60) hours per week. Defendants compensated Plaintiff with a

fixed weekly salary of $600.00, paid by check, which resulted in an effective hourly rate

substantially below both the federal and New Jersey state minimum wage requirements.

48.    At all relevant times, in violation of 29 C.F.R. § 516.2, Defendants

deliberately failed to maintain a time clock or any other accurate timekeeping system,

thereby intentionally preventing the proper recording, documentation, and memorialization

of Plaintiff's work hours, as evidenced by written communication from Defendants or

testimonies from other employees. This lack of time tracking mechanism not only made it

impossible for Plaintiff to verify his hours of work but also enabled the Defendants to avoid

paying him accurately for the hours worked.

49.    For the period from December 5, 2023, through December 31, 2023,

Defendants paid Plaintiff at the rate of $10.00 per hour, resulting in a weekly

underpayment of $389.10 when accounting for both minimum wage and overtime

requirements, with total damages for the period amounting to $1,556.40. From January 1,

2024, until December 31, 2024, Plaintiff was paid $10 per hour, the underpayment per

week was $459.10, and the total underpayment of that period of time was $23,873. From

January 1, 2025, until January 19, 2025, Plaintiff was paid $10 per hour, the

13

underpayment per week was $484.30, and the total underpayment of that period of time was $1,452.

50.    Defendants willfully neglected to pay Plaintiff for the substantial amount of overtime hours worked beyond the standard forty (40) hours per week.

51.    Defendants willfully did not provide Plaintiff by the Fair Labor Standards Act (FLSA) with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of his rate of pay, employer's regular payday, and such other information as required.

### Defendants' General Employment Practices

52.    Defendants systematically and intentionally implemented business practices that deprived Plaintiff of legally mandated minimum and overtime wages.

53.    As part of their regular business practice, Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by intentionally failing to maintain accurate and complete timesheets and payroll records.

54.    By willfully and intentionally employing this practice, Defendants avoided paying the Plaintiff at the overtime rate of time and a half for all of their hours worked in excess of forty (40) hours per week.

55.    Defendants willfully and intentionally failed to fulfill their statutory obligations by not posting the required wage and hour posters. They also did not provide the Plaintiff with statutorily required wage and hour records or statements of pay received. This was done to conceal their violations of wage and hour laws, and to exploit the Plaintiff's relative lack of knowledge of these laws.

56.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying

14

Plaintiff properly for (1) his full hours worked, (2) for overtime due, and (3) minimum wage.

57.    Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before January of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage and Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

58.    Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

59.    At all times relevant to this action, Defendants were Plaintiff's' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

60. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, thereby constituting an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(r)-(s).

61.    The FLSA provides that no employer engaged in commerce shall employ a

15

covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

63.     Defendants' willful and intentional failure to pay the Plaintiffs and the FLSA Collective their overtime pay violated the overtime provisions of the FLSA, specifically 29 U.S.C. § 207(a).

64.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay minimum wage and overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

65.     The FLSA and supporting regulations require employers to notify employees of applicable employment law requirements. 29 C.F.R. §516.4.

66.     Defendants willfully and knowingly failed to notify Plaintiff and FLSA Collective of the requirements of the Fair Labor Standards Act (FLSA) and other relevant employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

67.     Throughout the relevant time period, Plaintiff and the FLSA collective

16

worked in excess of forty (40) hours per workweek.

68.     At all relevant times throughout their employment, Defendants operated under a policy of willfully and intentionally failing and refusing to pay the Plaintiffs and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

69.     At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

70.     Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 USC § 255(a).

71.     Defendants violated the FLSA by failing to pay Plaintiff ACEVEDO the agreed-upon wages through their implementation of unlawful withholding, time-clock, and chargeback policies as described herein.

72.     Defendants willfully and intentionally failed to satisfy the FLSA's recordkeeping requirements.

73.     Defendants acted willfully and knowingly in their violations of the FLSA's requirements.

74.     Plaintiff and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this

17

Court deems just and proper, with all amounts to be determined at trial.

## COUNT II.
### [Violation of New Jersey Labor Law—Minimum Wage and Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]

75.     Plaintiff, on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

76.     At all relevant times, Defendants exercised comprehensive employer control over Plaintiff by hiring him, establishing his work schedules, providing daily work orders, and maintaining disciplinary and termination authority. Despite this control, Defendants willfully and knowingly maintained a policy and practice of refusing to pay Plaintiff and class members the legally required minimum wage and overtime compensation at one and one-half times their regular hourly rate.

77.     Defendants' willful and intentional failure to pay Plaintiff, despite their control over their work conditions and schedules, was not in good faith.

78.     By reason of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself, the FLSA Collective Plaintiff, and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

(a) Authorization for the Plaintiff to give notice of this collective action at the earliest possible time, or alternatively, for the Court to issue such notice;

(b) That such notice be provided to all persons who are currently or have been employed by Defendants as non-exempt employees during the period allowable under the applicable statute of limitations, through the date of issuance of the court-supervised notice; Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages and minimum wages;

a) (c) Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA;

b) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiff and their counsel to represent the Collective Action Members;

c) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

d) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

19

e)    An award of unpaid minimum wages and overtime wages due under FLSA NJWHL plus compensatory and liquidated damages;

f)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

g)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages and overtime compensation, pursuant to the NJWHL;

h)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i)    The cost and disbursements of this action;

j)    An award of prejudgment and post-judgment fees; and

k)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 20, 2025

By:    _____
              Lina Stillman
       **STILLMAN LEGAL P.C**
       42 Broadway, 12th Floor
       New York, New York 10004
       Telephone: (212) 203-2417
       *Attorneys for Plaintiff*