<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEX ACEVEDO, *individually and on behalf of others similarly situated*,<br><br>　　　*Plaintiffs*,<br><br>　　v.<br><br>BRICKLANE JERSEY CITY LLC, SATINDER SHARMA, and AJIT BAINS,<br><br>　　　*Defendants*. | Civil Action No. 25-2018<br><br>**OPINION**<br><br>August 13, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Alex Acevedo's ("Plaintiff") Motion for Default Judgment against Bricklane Jersey City LLC ("Bricklane"), Satinder Sharma, and Ajit Bains (collectively, "Defendants") on behalf of himself and others similarly situated pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2).  (ECF 8, "Motion" or "Mot.")  No opposition papers were filed by Bricklane despite being served with Plaintiff's Motion.  (ECF 9.)  The Court has decided this Motion upon submission, without oral argument, pursuant to Rule 78 and Local Civil Rule 78.1.  For the reasons stated below, Plaintiff's Motion is **DENIED** without prejudice.

1

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff is a natural born person who resides in New Jersey.  (Compl. ¶ 13.)   From approximately December 5, 2023 to January 19, 2025 (the "relevant period"), Plaintiff worked at Bricklane, a restaurant located in the heart of downtown Jersey City at 136 Newark Avenue. (*Id*. ¶¶ 14, 46.)  Plaintiff was interviewed and given a job as a dishwasher and porter by Defendants Satinder Sharma and Ajit Bains.  (*Id*. ¶ 14; ECF 8-3 ¶ 6.)  Plaintiff alleges he consistently worked for six days per week from 10:30 A.M. to 8:30 P.M for a total of 60 hours per week.  Plaintiff claims that every week he was paid a fixed weekly salary of $600 by check.[2]  (Compl. ¶ 47.)

The New Jersey State minimum wage increased twice during the course of Plaintiff's employment with Bricklane.  The minimum wage raised from $14.13 to $15.13 on January 1, 2024 and then to $15.49 on January 1, 2025.  (Pl. Br. at 10.)  The Fair Labor Standards Act ("FLSA") and New Jersey's counterpart, the New Jersey State Wage and Hour Law ("NJWHL") require employers to pay the State minimum wage plus one and one-half of the minimum wage for hours worked in excess of 40 hours per week.  29 U.S.C. § 207(a)(1).  Plaintiff alleges that during the relevant period, he was paid a flat rate that was below the minimum wage for the years 2024 and

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, "Compl."), Plaintiff's brief in support of their Motion for Default Judgment, (ECF 8-1, "Plaintiff's Brief" or "Pl. Br."), and Plaintiff's affidavit accompanying his brief.  (ECF 8-3.)

[2] Plaintiff alleges in his Complaint that he was paid a rate of $10.00 per hour for his services. (Compl. ¶¶ 47, 49.)  However, in his brief, he alleges that he was paid a rate of $15.00 per hour. (Pl. Br. at 9.)  The amount that Plaintiff was actually paid during the relevant period is to be decided after briefing or a hearing on the issue of damages pursuant to Rule 55(2)(b).  *See Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 606 (D.N.J. 2016) ("[T]he Court denies without prejudice the motion for default judgment on the issue of damages and directs Plaintiff to provide a written submission justifying the damages sought and to append to its submission the documentary evidence relied upon to prove damages.").

2

2025.  (Pl. Br. at 10.)  Plaintiff further alleges that he was not paid overtime compensation for the approximately 20 overtime hours he worked per week during the relevant period.  (Compl. ¶ 4.)

Plaintiff alleges that he and similarly situated workers at Bricklane were underpaid in violation of § 207(a) of the FLSA and § 34:11-56a of the NJWHL, and filed suit in this Court.

## II.    LEGAL STANDARD

Pursuant to Rule 55(b)(2), a district court may enter a default judgment against a defendant who is (1) properly served and (2) fails to timely submit a responsive pleading.  *Great Lakes Insurance SE v. Ross*, 652 F. Supp. 3d 472, 476 (D.N.J. 2023).  If these two factors are met, then the Clerk's entry of default under Rule 55(a) is proper.  *GEICO Marine Ins. Co. v. Moskovitz*, 670 F. Supp. 3d 168, 171 (D.N.J. 2023).  The Court must also ensure that jurisdiction over the action is proper.  *Id.* ("[I]f the court lacks personal jurisdiction over a defendant, the court does not have authority to render a default judgment.").

If the Clerk's entry of default was proper and the Court has jurisdiction, the Court must then determine whether Plaintiff's factual allegations present a legitimate cause of action.  *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F.Supp.3d 810, 822 (D.N.J. 2021).  The Court should accept well-pleaded factual allegations as true, and disregard mere legal conclusions.  *Id*.  The Court need not accept a plaintiff's allegations of damages as true.  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008).

Finally, the Court must then ensure that default judgment against a defendant is proper under the circumstances.  "To determine whether entering default judgment is appropriate, courts must examine the following *Chamberlain* factors: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct.'"  *Trs. of Int'l Union of Painters & Allied Trades Dist. Council*

*711 Health & Welfare Fund v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

### III.    ANALYSIS

#### A.  The Clerk's Entry of Default Is Proper, and the Court Has Jurisdiction

Here, the Court is satisfied that the Clerk's entry of default was proper under Rule 55(a). Summons were issued as to all Defendants in this action on March 26, 2025, (ECF 3), and the Summons were returned executed on April 11, 2025.  (ECF Nos. 4, 5, 6.)  On April 1, 2025, Defendants were served with the Summons and Complaint via a person who verbally confirmed they are authorized by law to receive service.[3]  (ECF 4); *see also* Fed. R. Civ. P. 4(h)(1)(A); N.J. Stat. Ann. § 42:2C-17(c).  No defendant filed an answer or responded to the Complaint within the required 21-day period.  (*See* ECF 4); *see also* Fed. R. Civ. P. 12(a).

Next, "the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment."  *Barrett*, 518 F. Supp. 3d at 822; *see also* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931.  Plaintiff contends that Defendant Sharma and Defendant Bains are competent persons, (ECF 8-2 ¶ 8, 10), and neither are minors or exempt from default judgment under military service.  (*Id*. ¶¶ 9, 11.)  Furthermore, Plaintiff pleads that Bricklane "is a duly organized business corporation under the laws of the State of New Jersey … as per the available information and belief."  (Compl. ¶ 16.)  Thus, these age and competency requirements do not apply to Bricklane.  *Barrett*, 518 F. Supp.3d at 822; *see also TBI Unlimited*,

---

[3] N.J. Court Rule 4:4-4(a)(4) provides that: "Upon individual proprietors and real property owners, provided the action arises out of a business in which the individual is engaged within this State or out of any real property or interest in real property in this State owned by the individual, by delivering a copy of the summons and complaint … to any employee or agent of the individual within this State acting in the discharge of his or her duties in connection with the business or the management of the real property."  The executed summons in this matter state they were served on Parveen Mehraz, who is listed as a "co-worker" or "worker."  (ECF Nos. 4, 5, 6.)

4

*LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2016 WL 5660426, at \*3 (D.N.J. Sept. 29, 2016).

Further, the Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the claim brought under the FLSA presents a federal question. The Court may exercise supplemental jurisdiction over Plaintiff's state NJWHL claim under 28 U.S.C. § 1367(a) because the state law claim arises from the same common nucleus of operative fact as the federal claim: the alleged underpayment of Bricklane employees. *See Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 221 (D.N.J. 2014) ("When considering whether a claim constitutes the 'same case or controversy under Article III' of § 1367(a), the Third Circuit has resorted to the 'common nucleus of operative facts' analysis[.]"). The Court therefore concludes that the prerequisite factors for an entry of default judgment are satisfied.

### B. Plaintiff Presents a Viable Cause of Action Under the FLSA And the NJWHL

The Court also concludes that Plaintiff has demonstrated a legitimate cause of action under the FLSA. To state a claim for relief under the FLSA, an employee must, "'sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours.'" *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (emphasis omitted) (quoting *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). Plaintiff satisfied this minimum standard by alleging he and other employees regularly worked 60-hour work weeks without being paid the statutory minimum and overtime wages. (Pl. Br. at 9, 10, 14; Compl. ¶¶ 47, 49.) To establish a viable cause of action under the FLSA, Plaintiff must show that "(1) the plaintiff was an 'employee,' as defined by the FLSA; (2) the defendant was 'engaged in commerce' as defined by the FLSA; and (3) the plaintiff was not paid the federal minimum wage and/or was not paid overtime compensation for hours worked in excess of forty in

a given week." (Pl. Br. at 6 (citing 29 U.S.C. § 216(b); *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010))); *see also Hernandez v. Polly Inc.*, No. 22-1244, 2022 WL 17850347, at *2 (D.N.J. Dec. 21, 2022); *Morales v. Aqua Pazza LLC*, No. 20-6690, 2022 WL 1718050, at *3 (D.N.J. May 27, 2022).

Plaintiff has legitimately pled that he is an employee under the FLSA. The test for whether a plaintiff is an "employee" of a defendant requires an analysis of the defendant's control over the plaintiff. *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *2 (D.N.J. Oct. 21, 2016). Whether a defendant controlled a plaintiff depends on whether the defendant could (1) hire and fire employees; (2) supervise and control the plaintiff's work schedule or conditions of employment; (3) determine the rate and method of the plaintiff's payment; and (4) maintained employment records. *See id.* (quotations omitted).[4] Here, Plaintiff alleged that Defendants Sharma and Bains "serve as [] principal[s] and/or officer[s] of Defendant Bricklane," hired plaintiff, determined his wages, work schedule, and workload, and calculated his rate of pay. (Compl. ¶¶ 18-20.) Plaintiff further claims that he and other similarly situated workers at Bricklane referred to Defendants Sharma and Bains as "Boss." (*Id.*) Taken as true, these facts support the conclusion that Plaintiff was understood to be an employee of the Defendants, and that they controlled his manner and circumstances of employment during the relevant period. *See Santiago*, 2016 WL 6138248, at *3 (holding defendants had control over plaintiffs when they had the authority to hire employees, maintained employment records, and determined employee wages, compensation, and work schedules).

---

[4] The definition of "employer" under the FLSA extends to "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d).

Plaintiff has also alleged that Defendants were "engaged in interstate commerce" during the relevant period under an enterprise coverage theory. (Pl. Br. at 6.) Under this theory, a defendant is covered by the FLSA if the defendant is (1) an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1); (2) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce"; and (3) has an "annual gross volume sales made or business done … not less than $500,000[.]" 29 U.S.C. §§ 203(r)(1), (s)(1)(A). Plaintiff argues he and the other employees meet this standard because (1) Bricklane engages in related activity under the control of Defendants for a common business purpose and is therefore an enterprise under § 203(r)(1)[5]; (2) Bricklane relies on meats, produce, and goods that are grown, processed and transported outside of the State of New Jersey; and (3) Bricklane has annual gross volume sales in excess of $500,000. (Pl. Br. at 6, 7; Compl. ¶ 17.)

Plaintiff argues that alleging Defendants were engaged in interstate commerce under the FLSA, "is sufficient for purposes of a motion to dismiss" under *Dong v. Ren's Garden*, 09-5642, 2010 WL 1133482, at *4 (D.N.J. Mar. 22, 2010). However, *Dong* recognized that the standard for a motion to dismiss pursuant to Rule 12(b)(1) is less stringent than when a Court decides a legal issue on the merits, "[f]or the plaintiff to ultimately succeed on a theory of enterprise liability, she will have to prove that the defendant grossed more than $500,000 in annual sales ... however, this Court has jurisdiction over the plaintiff's FLSA claims irrespective of whether she can ultimately

---

[5] The term "enterprise" as used in § 203 is defined as "the related activities performed (either through unified operation or common control) by any persons or persons for a common business purpose and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units …" 29 U.S.C. § 203(r)(1). The Court is satisfied Bricklane meets this definition because Plaintiff alleges that Bricklane is a business corporation (Comp. ¶ 16) which operates under the control of Defendants Sharma and Bains (*Id.* ¶ 18) for the business purpose of operating a restaurant. (Pl. Br. at 7.)

7

prevail on the merits." *Dong*, 2010 WL 1133482, at *4 (quoting *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 300 (E.D.N.Y. 2009) (internal quotations omitted)).  The fact that the Court has jurisdiction over an FLSA claim at the initial stages of litigation does not mean that a plaintiff will ultimately succeed on their claim.  *Id.* ("[T]he Court has jurisdiction to hear the claim, whether or not the plaintiff will ultimately prevail.").  The Court also notes that although Plaintiff alleges Defendants have gross annual sales in excess of $500,000, no documentation has been produced to prove this fact.  (*See* Pl. Br.)  The Court also recognizes that documentation that can establish this fact is in the possession of the Defendants, who have not appeared in this matter.  Despite this lack of information, the Court must accept factual allegations as true upon motions for default judgment. *Barrett*, 518 F. Supp. 3d at 821. The Court therefore accepts Plaintiff's argument that Defendants are engaged in interstate commerce as defined by the FLSA.  *See Verdecchio v. Tri-County Real Estate Maint, Co., Inc.*, No. 12-1577, 2012 WL 6624200, at *3 (D.N.J. Dec. 19, 2012) ("Plaintiff's allegations ... while perhaps cursory, are nonetheless sufficient to satisfy the first two elements of a prima facie claim under … the FLSA."). *See generally Qu Wang v. Fu Leen Meng Rest. Ltd. Liability Co.*, No. 16-8772, 2018 WL 1027446 (D.N.J. Feb. 23, 2018) (awarding default judgment when the Complaint alleged the defendant corporation "[u]pon information and belief … engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year" (citing ECF 12-1, "*Quang Wang* Complaint" ¶ 10)).

Taking the facts alleged as true, Plaintiff and similarly situated employees received less than New Jersey's statutory minimum wage during at least 2024 and 2025.  (Pl. Br. at 9, 14.) Plaintiff claims he worked for 40 hours per week receiving less than the statutory minimum wage, and worked about 20 hours of overtime per week but did not receive one and one half times the minimum wage for those hours.  (*Id.*)  These allegations meet the required standard to state a claim

8

under the FLSA.  *See Davis*, 7654 F.3d at 242.  Additionally, the allegations state a claim under the NJWHL.  *See Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011) ("[T]he NJWHL mirrors its federal counterpart, the FLSA.").

### C. The *Chamberlain* Factors Weigh in Favor of Default Judgment Against Defendants

After concluding Plaintiff has stated a viable claim for relief under the FLSA and NJWHL, the Court must determine whether default judgment is proper against Defendants.  *See Chamberlain*, 210 F.3d at 164.  As stated above, the Court must specifically determine (1) whether Plaintiff would be prejudiced if default judgment were denied, (2) whether Defendants appear to have a litigable defense, and (3) whether Defendant's delay is due to culpable conduct.  *See id.* The Court concludes that the factors are met in this instance.

First, the Court finds that Plaintiff will be prejudiced if default judgment is denied.  Plaintiff has no other means of recovering the wages he was not paid outside of filing suit against Defendants.  (Pl. Br. at 11.)  The fact that Defendants did not appear in this action prevents Plaintiff from "prosecuting his case, engaging in discovery, and seeking relief in the normal fashion." *Teamsters Pension Fund of Phila. and Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2022).  The Court is therefore satisfied that Plaintiff and others similarly situated to him would be prejudiced if default judgment is not entered against Defendants.

Second, the fact that no Defendant appeared in this action means the Court should assume that Defendants do not have a meritorious defense in this action.  *See Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund*, 718 F. Supp. 3d at 444 ("Given [the defendant's] failure to appear, the Court cannot consider any defenses." (citations omitted)).

9

Third, the Court finds that Defendants are culpable for default given their failure to appear. *See Slover v. Live Universe, Inc.*, No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond."). The Court need not find that Defendants acted in bad faith to find them culpable for default. *Days Inns Worldwide, Inc. v. Mataji3 Corp.*, No. 23-2985, 2025 WL 1039483, at *3 (D.N.J. Apr. 8, 2025) ("For default judgment purposes, culpability does not require intentional and malicious actions on the part of the non-movant[.]"). At the time of this decision, over 16 months have passed since Plaintiff filed the Complaint without an appearance by any Defendant in this action. Thus, the Court may properly conclude that Defendants are culpable for default.

Together, the facts that (1) Plaintiff will be prejudiced by the Court if default judgment is not entered, (2) Defendants are presumed to have no meritorious defense, and (3) Defendants are culpable for default, weigh in favor of entering default judgment against Defendants.

### D. Assessing Plaintiff's Damages

In his brief, Plaintiff argues that he is entitled to monetary damages as a result of Defendants' violations of state and federal law. (*See* Pl. Br. at 12.) He requests damages for unpaid labor in the amount of $27,126.10, liquidated damages in the amount of $54,252.20, prejudgment interest in the amount of $2,708.80, and costs in the amount of $721. (*Id.* at 15-16.) Plaintiff elects to receive damages under the NJWHL, because he may recover damages under either the FLSA or the NJWHL, but not both. (Pl. Br. at 13); *see also Qu Wang*, 2018 WL 1027446 at *5. The Court holds that more information is needed to make a fair determination that the requested damages are reasonable. *See Chanel, Inc.*, 558 F. Supp. 2d at 535-36 ("[T]he Court need not accept the moving party's … allegations relating to the amount of damages.").

10

Proving damages under the NJWHL "is similar to that under the FLSA."[6]  *Id.*  When an employer is found to be liable under the FLSA, the appropriate remedy is to compensate "affected employees for the amount of their unpaid minimum wages [and] their unpaid overtime compensation."  *Santiago*, 2016 WL 6138248, at *3 (citing *Davis*, 765 F.3d at 241).  An employer is liable for liquidated damages under the FLSA "unless the employer shows its actions were 'in good faith and that it had reasonable grounds for believing'" that its actions were not a violation of the FLSA.  *See id*. at *4 (quoting *Brick v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988)).  There is also "a presumption in favor of awarding prejudgment interest on a backpay award under the FLSA."  *See Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 274 (3d Cir. 2010).

This Court has previously held that sworn declarations may be sufficient to prove damages.  *See Santiago*, 2016 WL 6138248, at *3; *Qu Wang*, 2018 WL 1027446, at *5.  Plaintiff's Motion for Default Judgment was accompanied by two sworn declarations—one from his counsel Lina Stillman demonstrating the calculation of damages, and one from Plaintiff, attesting that he worked the hours stated in the Complaint.  (ECF Nos. 8-2, 8-3.)  However, the Court determines that supplemental briefing on the issue of damages is necessary to assist the Court in this case.[7]  First,

---

[6] It is clearly established by this Court that proving damages under the FLSA can be sufficient to prove damages under the NJWHL.  *See Adami v. Cardo Windows, Inc.*, No. 12-2804, 2015 WL 1471844, at *15 n.15 (D.N.J. Mar. 31, 2025) ("[T]he standard for proving damages under the NJWHL is similar to that under the FLSA.… [D]amages [under the NJWHL] need only be proved with 'such certainty as the nature of the case may permit, laying a foundation which will enable to the trier of facts to make a fair and reasonable estimate' of damages."  *Mosley v. Femina Fashions, Inc.*, 811 A.2d 910, 916 (N.J. Super. Ct. App. Div. 2002) (quoting *Lane v. Oil Delivery, Inc.*, 524 A.2d 405, 409 (N.J. Super. Ct. App. Div. 1987)).  "Therefore, the Court's reasoning as to Plaintiffs' damages estimate under the FLSA applies with equal force to Plaintiffs' damages estimate under the NJWHL.").

[7] Rule 55(b)(2) provides that a district court "may conduct hearings or make referrals ... when, to enter or effectuate a judgment, it needs to: (A) conduct an accounting; (B) determine the amount

the Court need not accept factual allegations as they relate to damages as true. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. Second, Plaintiff's Declaration is accompanied by no documents, such as bank statements, supporting his claim that he received $600 per week in pay by check. (ECF 8-3 ¶ 9). Third, Plaintiff states in his brief that he chooses to receive damages under the NJWHL. (Pl. Br. at 13.) However, there is no entitlement to liquidated damages under the NJWHL. *Qu Wang*, 2018 WL 1027446, at *5.

The Court therefore concludes that supplemental briefing is required before the Court can enter default judgment in favor of Plaintiff. The supplemental briefing should clarify the statute under which Plaintiff seeks recovery, and to the extent available, provide documentation supporting his claim that he was paid $600 per week by check.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF 8) is **DENIED** without prejudice. Plaintiff has 30 days to either file an amended complaint, new motion for default judgment, or supplemental briefing clarifying his request for damages in accordance with this Opinion. An appropriate Order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     André M. Espinosa, U.S.M.J.
        Parties

---

of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

12